(9)

FILED

JUN 12 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | ) | Case No. 06-24207-D-13L |
|---|---|---|
| | ) | Docket Control No. TF-3 |
| CAMERON HARRELL and | ) | |
| MYLA MARIE VILLANUEVA-HARRELL, | ) | Date: May 8, 2007 |
| | ) | Time: 1:00 p.m. |
| | ) | Dept: D |
| Debtors. | ) | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

MEMORANDUM DECISION

Elk Grove Landing, L.P., has objected to a claim of exemptions filed by Cameron Harrell and Myla Marie Villanueva-Harrell (the "Debtors"). For the reasons set forth below, the objection will be sustained in part, and a final ruling will be deferred, as set forth below.

I. INTRODUCTION

The Debtors filed their chapter 13 petition on October 17, 2006, thereby commencing this case. In an amended Schedule C filed March 5, 2007 ("Schedule C"), the Debtors claimed as exempt portions of two lawsuits that were pending at the time the case was commenced. The first was described in Schedule C as "Elk Grove Landing Lawsuit related to dental office damages, Case No. 06AS03357, causes of action for negligence, breach of contract, nuisance, constructive eviction, retaliatory eviction, intentional infliction of emotional distress, negligent

147

infliction of emotional distress, fraudulent concealment/failure to disclose, intentional misrepresentation, negligent misrepresentation, promise made without intent to perform, and trespass to chattels" ("the Elk Grove Landing lawsuit"). The lawsuit is pending in the Superior Court of California, County of Sacramento.[1]

The second lawsuit was described as "IBM overtime class action, Case No. 06-0430 PJH - for wages and lost retirement" ("the IBM class action"). The Debtors filed a copy of a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice of Proposed Settlement"), in Rosenburg, et al. v. International Business Machines Corporation, United States District Court for the Northern District of California, Case No. 06-0430 PJH, on March 5, 2007, as an exhibit.

The Debtors claim the "personal injury portion" of the Elk Grove Landing lawsuit, up to $250,000, as exempt under Cal. Code Civ. Proc. § 704.140(a),[2] and that portion of the IBM class action "settlement award that would have been contributed to Debtor's retirement plan," up to $45,000, as exempt under Cal. Code Civ. Proc. § 704.115(a)(1), (a)(2), and (b).[3] They also

---

1. The Debtors filed a copy of the complaint in the Elk Grove Landing lawsuit as an exhibit.

2. Subsection 704.140(a) provides that with an exception not applicable here, "a cause of action for personal injury is exempt without making a claim."

3. Subsection 704.115(a) defines private retirement plans for purposes of section 704.115. Subsection 704.115(b) provides that "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit

claim $1,000 as exempt under Cal. Code Civ. Proc. § 704.070.[4]

On April 4, 2007, Elk Grove Landing filed a timely objection to the claim of exemptions in Schedule C ("Objection"), and noticed the objection for hearing on May 8, 2007. On April 24, 2007, the Debtors filed a timely reply ("Reply"). The court heard oral argument on May 8, 2007, at which time the Debtors' counsel and counsel for the chapter 13 trustee in the case appeared.

## II. ANALYSIS

This court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Objection is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### A. The IBM class action

According to the Notice of Proposed Settlement, the plaintiffs in the lawsuit alleged that IBM violated various federal and state employment laws "by unlawfully classifying certain employees as exempt from receiving overtime pay." The plaintiffs "sought to recover unpaid overtime wages and sought to receive credit for overtime wages under IBM's pension and savings plans." The plaintiffs also sought statutory damages, interest,

---

from a private retirement plan are exempt."

4. Schedule C does not clearly identify the lawsuit to which the section 704.070 exemption applies, but because that section pertains to paid earnings, it is assumed the $1,000 exemption claim is intended to apply to the IBM class action. Section 704.070 defines paid earnings, and provides that "[p]aid earnings that can be traced into deposit accounts or in the form of cash or its equivalent" are exempt in certain amounts.

and attorney's fees.[5]

Elk Grove Landing objects to the Debtors' claim of exemption of an interest in this lawsuit on three grounds; first, that the cash recovery sought is attributable to overtime wages, which are not exempt under Cal. Code Civ. Proc. § 704.115(a) or (b), and that no cash contributions to the plaintiffs' pension and/or savings plans are sought. The recovery sought "includes . . . credits to the employees' pension accounts, but no cash to the employee on account of said pension credits." Opposition at 2:4-6.

Elk Grove Landing does not appear to object to the claim of exemption to the extent the Debtors seek to exempt credits to a pension or savings account; rather, it asserts that "no portion whatsoever of the cash payment to the Debtor should be allowed to be classified as exempt under § 704.115(a) or (b)." Opposition at 2:7-8.

Second, Elk Grove Landing asserts that as yet, there is no proof that the Debtor has submitted a claim as a class member, or of the amount of such claim or the manner of its calculation.

Finally, Elk Grove Landing asserts that subsections 704.115(a) and (b) permit the exemption only of amounts that "presently exist in retirement accounts," not "the cash portion of prospective class-action settlement proceeds." Opposition at

---

5. These remedies are phrased in the past tense in the Notice of Proposed Settlement, probably because the notice contemplates that the proposed settlement will be approved. However, the settlement has not yet been approved, and the hearing to consider it will not take place until July 11, 2007. Thus, the court will address the Objection as if all forms of relief sought remain in play.

2:17-19.

The Debtors respond that they seek to exempt only those portions of a settlement that are properly exempt under § 704.115(a) or (b), that if they should receive pension credits in lieu of cash payments, they seek to exempt only the pension credits, but that if they should receive cash payments attributable to pension or other retirement benefits, they seek to exempt those cash payments.

Subsection 704.115 defines and provides for the exemption of amounts held by a private retirement plan. It does not provide for the exemption of unpaid wages or overtime pay. Therefore, to the extent the Debtors seek by way of Schedule C to exempt any portion of a recovery, whether by settlement or judgment, attributable to overtime pay or unpaid wages, Elk Grove Landing's objection is sustained.

As to the balance of the Objection, the court finds that it would be premature to issue a final ruling at this time. Because no judgment has been obtained in the class action, and because the proposed settlement has not yet been approved, the court would be required to engage in speculation, which will not be necessary if the court defers its ruling until one of those events transpires.

For example, Elk Grove Landing argues that no portion of the cash payment to the Debtor will be attributable to pension credits, and therefore, that no portion of the cash payment should be allowed as exempt. However, it is not clear from the Notice of Proposed Settlement that there cannot possibly be any recovery on account of monies that should have been contributed

to the Debtor's pension plan. The only document from the IBM class action that has been submitted for the court's consideration is the Notice of Proposed Settlement. The court is unwilling to conclude that the notice sets forth all forms of recovery sought in the litigation and all possible forms of recovery that might be obtained by way of judgment or settlement. Thus, the court disagrees with Elk Grove Landing's conclusion that no portion of the Debtor's recovery will be attributable to his pension plan.[6]

Elk Grove Landing also asserts that section 704.115 permits the exemption only of amounts that "presently exist in retirement accounts," not "the cash portion of prospective class-action settlement proceeds." In the event there are no cash payments to the Debtor in lieu of contributions or credits to the Debtor's pension plan, there will be no need for the court to resolve the issue of whether section 704.115 covers only amounts existing in a debtor's pension plan as of the date the bankruptcy case is commenced.

In short, the court will defer a final ruling until such time as the court can assess the structure of any actual judgment or settlement, including the structure of any increase in the Debtor's pension plan. Deferring a final ruling will also render

6. The court notes that the proposed settlement appears to include only cash payments to claimants; no mention is made of credits to claimants' pension or savings plans. However, it is not clear whether a portion of the cash payments is attributable to pension or other retirement benefits or whether IBM will afford credits to claimants' pension and/or savings plans based on their cash recoveries under the settlement. These are matters that will need to be further developed by the Debtors if and when the settlement is approved and consummated.

moot Elk Grove Landing's concern as to whether the Debtor has submitted a claim as a class member, and in what amount.

B. The Elk Grove Landing lawsuit

Elk Grove Landing argues that it would be inappropriate to permit the Debtors to identify a particular dollar amount of their prospective recovery that will be attributable to personal injury. The court agrees, and the Debtors appear to agree as well. They acknowledge that the litigation is ongoing, and that the amount of any recovery that will be attributable to personal injury is unknown at this time. They acknowledge that they seek to exempt only those portions of their claims against Elk Grove Landing "that can be exempt under § 704.140." Reply at 2:11-15.

Therefore, the court concludes that, as with the IBM class action, it would be premature for the court to issue a final ruling at this time on the claim of exemption of the Elk Grove Landing lawsuit.

III. Conclusion

Because the two lawsuits that are the subject of the Debtors' exemption claims have not been resolved, the court is not in a position to make a final ruling on the Objection. Therefore, if the Debtors receive a recovery from either lawsuit, whether through litigation or settlement, they must supplement their claim of exemption promptly upon final resolution of the claims or claims that will generate the recovery, providing such information as they deem necessary to elucidate the nature and amount of the recovery. The Debtors may schedule a hearing, pursuant to Local Bankruptcy Rule 9014-1, to request a further ruling on their claim of exemption. To the extent the Debtors

elect to file a further amended Schedule C in lieu of setting the matter for hearing, the chapter 13 trustee or any creditor may file an objection to the amended schedule within the time allowed by applicable bankruptcy rules, and set it for hearing in accordance with Rule 9014-1.

Finally, to the extent Elk Grove Landing objects to the Debtors' exemption of the specific dollar amounts of $45,000 and $250,000 for the IBM class action and the Elk Grove Landing lawsuit, respectively, the objection is sustained. The claim of exemption is not allowed in any amount at this time, except that the claim of exemption of $1,000 under Cal. Code Civ. Proc. § 704.070, to which objection was not made, is allowed.

Dated: June 12, 2007

ROBERT S. BARDWIL
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Elk Grove Landing, L.P.
c/o Nancy Hotchkiss
PO Box 255824
Sacramento, CA 95865

Nancy Hotchkiss
980 Fulton Ave
Sacramento, CA 95825

Mark A. Wolff
8861 Williamson Dr #30
Elk Grove, CA 95624-7920

Cameron Todd Harrell
6728 Sao Tiago Way
Elk Grove, CA 95757

Myla Marie May
Villanueva-Harrell
6728 Sao Tiago Way
Elk Grove, CA 95757

Lawrence J. Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
501 I Street, Room 7-500
Sacramento, CA 95814

DATED:
6/12/07

By: Cathee E Gruyer
Deputy Clerk

EDC 3-070 (New 4/21/00)